IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN PAUL STEPHENS, | No. C 11-4887 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| CHARLES PRANDI; MICHAEL SMITH; | |
| Defendants. | (Docket No. 2) |

Plaintiff has filed a pro se civil rights complaint under 42 U.S.C. 1983 against officials of the Marin County Jail for "removing" his "vertebrae and femurs" in 1989 and 1991. Claims, such as these, that are based on factual contentions that are clearly impossible, baseless, fantastic or delusional should be dismissed as frivolous under 28 U.S.C. 1915(e)(2). *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing Section 1915(e)); *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Moreover, even if some portion of these allegations could possibly be true, the statute of limitations for an incarcerated person's claim is at most, including tolling, four years from discovery of the factual predicate of the claim. *See* Cal. Civ. Proc. Code §§ 335.1 (allowing two years), 352.1(a) (allowing up to two years of tolling for incarceration). If plaintiff's vertebrae or femurs were actually removed in 1989 and 1991, as he alleges, he would have known it at the time, and the four-year statute of limitations has long since expired. Consequently, the instant action is **DISMISSED** for failure to state a cognizable

claim for relief.

Plaintiff's application to proceed in forma pauperis (docket number 2) is GRANTED in light of his lack of funds. As plaintiff was not a prisoner when this case was filed, the provisions of 28 U.S.C. 1915(b) requiring initial and installment payments of the filing fee does not apply.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: October  28 , 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.11\STEPHENS4887.DSM.wpd

2